J-S21007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| TIMOTHY FRANCIS WHITE | : |
| | : |
| Appellant | : No. 1749 MDA 2025 |

Appeal from the PCRA Order Entered November 19, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000389-2023

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:          **FILED: JULY 13, 2026**

Timothy Francis White appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Appellant's counsel, Kristen L. Weisenberger, Esquire, has filed a petition to withdraw and **Anders** brief.[1]  We grant counsel's petition and affirm the PCRA court's order.

On June 26, 2022, while Appellant was the sole caretaker of his then seven-week-old child, she suffered "a subdural hematoma and parietal skull fracture."  N.T. Plea Hearing, 6/24/24, at 3.  As a result of these injuries, which "[we]re consistent with blunt-[force] trauma . . . from either shaking or

_____

[1] Although Attorney Weisenberger asks to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), the appropriate filing in a PCRA appeal is a no-merit brief in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  Nevertheless, we accept counsel's **Anders** brief because a filing compliant with that framework "provides greater protection to the defendant[.]"  **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (cleaned up).

some other injury[,]" the infant required surgery and the placement of a permanent stent in her brain. *Id*.

Based on the foregoing, Appellant was charged with one count each of aggravated assault - serious bodily injury and victim less then thirteen years old, aggravated assault - bodily injury and victim less than six years old, and endangering the welfare of children ("EWOC"). The first charge of aggravated assault was graded as a felony of the first degree, while the second was a felony of the second degree. Bradon Toomey, Esquire, and Andrea Haynes, Esquire, of the Cumberland County Public Defender's Office represented Appellant.

In preparation for trial, Attorney Toomey attempted to secure an expert witness to rebut the Commonwealth's scientific evidence. Though unsuccessful in that regard, he negotiated a plea agreement to a maximum county sentence followed by probation. While some of the details were still being finalized, including which charges Appellant would plead to and whether the Commonwealth would agree to Appellant's counter-request for a re-entry provision, the infant's mother, Appellant's paramour, filed a petition for protection from abuse ("PFA") against Appellant. At that time, Appellant had not signed anything regarding the incipient plea offer, and, as it had not yet been finalized, it also had not been presented to the court for approval.

Based upon the averments in the PFA petition, the Commonwealth filed new assault charges against Appellant, with the infant's mother as the victim. Additionally, it withdrew the pending offer in this case. Attorney Toomey then

successfully negotiated a plea to EWOC and the second-degree felony count, in exchange for the Commonwealth withdrawing the felony-one assault charge. While there was no agreement as to sentencing, this arrangement avoided the potential for a higher sentence on the felony-one aggravated assault charge. Even though the infant's mother was no longer pursuing the PFA or cooperating with the resulting criminal charges at the time Appellant's plea was entered, the Commonwealth remained unwilling to reinstate the earlier offer.

On June 24, 2024, the trial court accepted Appellant's *nolo contendere* plea to the two lesser charges and deferred sentencing for a pre-sentence investigation ("PSI") report. In the meantime, the Public Defender's Office compiled and submitted to the court a sentencing memorandum, which included various supportive letters that Appellant had provided to them. One letter was from the infant's mother, who subsequently told Attorney Toomey that Appellant had written the letter and had her sign it. In light of the ethical problems stemming from counsel having provided the court a letter he later learned to be false, the Public Defender's Office sought leave to withdraw and the appointment of conflict counsel. The court granted the request, appointed Allen Welch, Esquire, and postponed the sentencing hearing.

At sentencing, Attorney Welch asked the court to consider the sentencing memorandum, with the exception of the mother's letter, and requested a sentence below the standard range of the guidelines. Appellant declined to exercise his right to allocution. The infant's mother told the court

that the suspect letter was not coerced and that only one of her sentences therein had been edited, though she did not say by whom. She also provided a new letter, wherein she implored the court to impose "a county-range sentence and to lift the no-contact provision[.]" N.T. Sentencing, 9/17/24, at 7. In light of the severe injuries Appellant inflicted upon the seven-week-old infant, and her ongoing medical issues stemming therefrom nearly two years later, the Commonwealth sought a state sentence.

After considering the arguments of counsel, the PSI report, Appellant's sentencing memorandum, and the statement of the victim's mother, the court sentenced Appellant to sixteen to thirty-two months of incarceration for aggravated assault, followed by a term of twelve to twenty-four months of incarceration for EWOC. The court recommended to the Parole Board that Appellant have no contact with the victim but left to its discretion whether to allow contact with the victim's mother and his other children.[2]

Appellant did not pursue a post-sentence motion or direct appeal. He timely filed the instant *pro se* PCRA petition, his first. The PCRA court appointed Attorney Weisenberger, who filed a supplemental PCRA petition asking the court to hold an evidentiary hearing to address Appellant's allegation that he was deprived of the benefit of his initial plea deal based upon a false charge.

_____

[2] According to his sentencing memorandum, Father has six children. Only his youngest child, who was approximately one year old at the time of his sentencing hearing, shares a mother with the victim.

- 4 -

The PCRA court conducted a hearing at which Attorney Toomey and Appellant testified. Attorney Toomey testified in accordance with the above recitation. To summarize:

> A temporary PFA was entered against [Appellant] on May 15, 2024, new charges based on [the mother's] report were filed against [Appellant] on May 17, 2024, [Appellant] entered the *nolo* plea at this docket on June 24, 2024, the temporary PFA order was vacated on July 26, 2024, upon [the mother's] petition to vacate, [Appellant] was sentenced at the above-captioned docket on September 17, 2024, and a *nolle prosequi* was entered for the new charges on December 26, 2024 . . . [because] while the Commonwealth believe[d] that the evidence gathered support[ed] probable cause of [Appellant]'s guilt, due to the adamant requests/demands of [the mother], and her insistence on not cooperating, the Commonwealth d[id] not believe that further prosecution in th[at] case serve[d] the best interest of the community[.]

PCRA Court Opinion, 11/19/25, at 4-5 (cleaned up). He further detailed his interactions with the infant's mother regarding the challenged letter. Attorney Toomey also expounded upon his trial preparations, including his attempts to obtain an expert to rebut the Commonwealth's evidence regarding the victim's injuries, prior to Appellant's decision to accept the open plea offer instead of going to trial. Finally, he testified that Appellant never asked to withdraw the plea.

Appellant attested that he was ready to sign the county-sentence plea deal before his paramour's assault allegations. By his account, he showed up to the courthouse but was unable to sign the deal because the infant's mother had called Attorney Toomey to reschedule and, shortly thereafter, made the abuse report, which he insisted was false. According to Appellant, if counsel

had not rescheduled the signing of the plea deal based upon false information from the infant's mother, he would have been able to sign it before the PFA petition was filed. Nonetheless, he acknowledged that he knew he was entering an open plea on June 24, 2024. *See* N.T. PCRA Hearing, 10/23/25, at 27. Appellant also admitted that the Commonwealth never re-offered the original deal, and the only attorney he asked to try to resuscitate it was Attorney Welch, who did not represent him until after he had accepted the open plea. *Id*. at 28. Finally, Appellant complained that Attorney Welch ignored his request to postpone the sentencing hearing until after the domestic assault charges were dropped in the other case.

After taking the matter under advisement, the court denied Appellant's PCRA petition. The PCRA court determined that Appellant could not enforce a plea agreement that was never presented to nor accepted by a court, and that he could not prove either the arguable merit or prejudice prongs for his claim that Attorney Toomey and Attorney Welch rendered ineffective assistance by failing to seek enforcement of the original plea offer. *See* PCRA Court Opinion, 11/19/25, at 5-6.

This timely appeal followed. Counsel indicated her intent to file an *Anders* brief in response to the PCRA court's Pa.R.A.P. 1925(b) order. Therefore, the court referred us to its opinion in support of the appealed-from order in lieu of drafting a new Rule 1925(a) opinion. As noted above, Attorney Weisenberger has submitted a petition to withdraw and *Anders* brief. Appellant has not responded.

In her brief, Attorney Weisenberger presents the following issue for our review:  "Whether the trial court erred dismissing the Appellant's PCRA petition where Appellant presented claims of ineffective assistance of counsel." *Anders* brief at 4.  Before reaching the merits of that claim, we must address counsel's petition to withdraw.  In that regard, we are guided by the following principles:

> Similar to the *Anders* situation, *Turner*/*Finley* counsel must review the case zealously.  *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner:  (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.  Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.  By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).  Our review confirms that Attorney Weisenberger has substantially

complied with these requirements. Accordingly, we turn to the substance of this appeal.

Our consideration of orders denying PCRA relief is "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id***. (cleaned up).

As Attorney Weisenberger explains:

> Appellant alleges his original plea deal was changed due to a false charge that was dismissed. Appellant's allegation raises an issue as to the legality of his plea and whether the plea counsel rendered ineffective assistance of counsel by not having [A]ppellant accept the plea offer on an earlier date.

***Anders*** brief at 12 (unnecessary articles omitted).

We have explained that averments "of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Kapellusch***, 323 A.3d 837, 848 (Pa.Super. 2024) (cleaned up). In that vein, the following tenets govern ineffectiveness claims:

> To establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the

following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Sandusky*, 203 A.3d at 1043 (cleaned up). More particularly to the present scenario: "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Kapellusch*, 323 A.3d at 848 (cleaned up).

Our independent review bears out that Appellant failed to establish his entitlement to PCRA relief. It is axiomatic, pursuant to both the Rules of Criminal Procedure and Pennsylvania Supreme Court precedent, "that no plea agreement exists unless and until it is presented to the court." *Commonwealth v. McElroy*, 665 A.2d 813, 342 (Pa.Super. 1995) (cleaned up); *see also* Pa.R.Crim.P. 590(A) (providing that "[p]leas shall be taken in open court" and that "[t]he judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry [on the record] of the defendant that the plea is voluntarily and understandingly tendered"); Pa.R.Crim.P. 590(B)(1) (stating that, except when good cause is shown to do so *in camera*, "[a]t any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement").

Indeed, "prior to the **entry** of a guilty plea, the defendant has no right to specific performance of an executory agreement." *McElroy*, 665 A.2d at 343 (cleaned up, emphasis in original). We have held that where the "plea agreement had neither been entered of record nor accepted by the trial court . . . it was, at most, executory." *Id*. (cleaned up). In such a circumstance, the defendant "is not entitled to specific performance of the oral plea agreement." *Id*. (cleaned up).

Here, the original plea offer was neither entered on the record nor accepted by the trial court. Therefore, the Commonwealth was wholly able to withdraw it after Appellant was alleged to have assaulted the victim's mother. Contrary to Appellant's assertion, the evidence adduced at the hearing indicated not that the domestic abuse report was false, so as to theoretically undermine the reasoning for the rescission, but rather that Appellant's paramour would not cooperate with the proceedings against Appellant wherein she was the victim. Therefore, the record supports the court's rejection of his allegation that the plea deal was changed as a result of a false charge.

Furthermore, the testimony at the PCRA hearing demonstrated that plea counsel nonetheless made efforts to keep the original plea bargain. When unable to do so, he negotiated an open plea to the two lesser charges. Appellant agreed to that offer in open court. When he pled, he demonstrated a complete understanding of the terms of the agreement and the court thus accepted the plea. Therefore, we find no merit to Appellant's contention that counsel rendered ineffective assistance by failing to convince the

Commonwealth to re-tender the original offer, and discern no other basis to disturb his knowing, voluntary, and intelligent plea.

Finally, we cannot countenance Appellant's contention that Attorney Toomey rendered ineffective assistance by not having him sign the plea deal before the PFA proceedings commenced. As Attorney Weisenberger aptly recounted:

> [P]lea counsel testified that they were still working out the details of a plea agreement and attempting to find an expert to testify at trial. One of the reasons that Appellant was considering a plea is because they could not find an expert who was willing to testify. This matter had been listed for trial, and counsel was filing pretrial motions in preparation for trial. Plea counsel had a reasonable basis in continuing the April 17, 2024, date to continue his attempt to find a favorable defense expert and to firm up the offer made by the Commonwealth, especially where Appellant countered with a request for re[-]entry. The Commonwealth revoked the plea offer because of the allegations made by the infant's mother and not as a result of error by plea counsel.

***Anders*** brief at 19-20 (cleaned up, unnecessary articles omitted).

Based on the foregoing, we agree with the PCRA court that there is no merit to Appellant's PCRA complaints. Therefore, we grant counsel's petition to withdraw and affirm the PCRA court's order.

Petition of Kristen L. Weisenberger, Esquire, to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/13/2026